STATE *v.* MARTINEZ.

A bench warrant need not be signed by the Judge. The entry on the minutes is the judicial order;
   the affixing the seal and signature of the Clerk are merely ministerial.
" Selling liquor to slaves, without the consent of their masters," is a penal offence under the statute
   of 1852.
In a bail bond it is not necessary to describe an offence with the certainty required in an indictment.
The statute of 1852 punishes the offence of " selling liquor to slaves, without the consent of their mas-
   ters," by fine and imprisonment. The State has the right to the presence of the accused on the
   trial for such offence, and the accused cannot plead, or be tried by attorney, at least without con-
   sent on the part of the State.

A PPEAL from the First District Court of New Orleans, *Robertson* J.
    *Morse*, Attorney General, for the State. *Haynes*, for defendant and ap-
pellant.

MERRICK, C. J. The appeal is taken by the principal in an appearance
bond, from a judgment thereon, condemning him to pay the sum of five hun-
dred dollars. His surety does not appear to have appealed.

The warrant upon which the defendant, *M. Martinez*, was arrested, issued
under the seal of the court, an order having been previously entered upon the
minutes directing such warrant to issue. We are bound to presume that the
court had before it the presentment of the Grand Jury, or other sufficient
ground upon which to issue its process. There is no law which requires the
bench warrant, (which is usually issued only after indictment or information
filed, upon an order entered upon the minutes,) to be signed by the Judge.
The entry upon the minutes is the judicial order, the affixing the seal and sig-
nature of the Clerk are merely ministerial.

The objection, however, that the bond itself, as well as the warrant upon
which it is founded, does not charge the defendant with having committed, or
require him to answer any offence known to the law is more serious. He is
held by his bond to answer " the complaint brought against him of selling
liquors to slaves without the consent of their masters."

It is a penal offence to sell spirituous and intoxicating liquors to slaves with-
out the consent of their masters, so is it also, by statute of 1852, to sell them
any corn, hay, fodder, meal, spirituous liquors, or other produce or commodity
whatsoever, without the consent, in writing, of the master. See Session Acts
of 1855, p. 225.

It is evident that the charge of selling liquors to a slave does not come under
any of the classes of things the sale of which to negroes is prohibited, except
the last, viz: commodity. It may be replied that all liquors do not possess
value in market, as water, for instance, and therefore the court cannot presume
that which has not been stated, that the liquor in question is a commodity.
The answer is, that the term liquor, in its common acceptation, means spirituous
or intoxicating liquors, (and so it was doubtlessly understood by defendant,)
and it must in this instance be presumed to have been a *commodity*, because
the defendant placed a value on it, and received a price when he *sold* it to the
slaves.

It has already been decided that it is not necessary to describe the offence in
the bond with the certainty required in an indictment. We think it sufficiently

appears from this bond that the defendant was bound to answer for having sold some sort of liquor to slaves, and that the thing sold possessed value as an article in market, and was embraced under the general term commodity. 9 Howard, 351.

The statute of 1852 punishes the offence with fine and imprisonment. The State had the right to the presence of the accused on the trial, and he could not plead or be tried by attorney, at least without consent on the part of the State; and there was no error in the refusal to try the case in the absence of the accused. As the offence is punishable with both fine and imprisonment, the bond was legal, though taken in a sum larger than the maximum of the fine. On the whole, we discover no error in the proceedings of the lower court.

Judgment affirmed.